State of Wisconsin, Plaintiff-Respondent,
v.
Ue Thao, Defendant-Appellant.
No. 04-2308.
Court of Appeals of Wisconsin.
Opinion Filed: February 23, 2005.
¶1 HOOVER, P.J.[1]
Ue Thao appeals a judgment of conviction for following an automobile too closely. He argues there was not sufficient evidence to support the conviction. We agree and reverse the judgment.

BACKGROUND
¶2 Thao was involved in an automobile accident with Terri Gish on January 23, 2004. It was snowing that day and the roads were icy. Gish had just entered Interstate 94 in Hudson and was traveling in the right lane. Thao was in the center lane, following a van. A car, two cars in front of Gish, began spinning and went into Thao's lane. Thao applied his brakes, which caused him to spin as well. He struck Gish's car on the driver's side. Thao and Gish pulled off the highway and into a parking lot.
¶3 Trooper Bruce Wozniak responded to the parking lot. He issued Thao a citation for driving too fast for conditions, which was later amended to following too closely. Thao pled not guilty. After a trial to the court, the court found Thao guilty and assessed a forfeiture of $199.

DISCUSSION
¶4 We will sustain the circuit court's findings unless they are clearly erroneous. See WIS. STAT. § 805.17(2). Findings will not be reversed simply because there is evidence to support a contrary finding. Cogswell v. Robertshaw Controls Co., 87 Wis. 2d 243, 249, 274 N.W.2d 647 (1979). "[T]o command a reversal, such evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence." Id. at 249-50.
¶5 When determining that Thao was guilty of following too closely, the court stated simply:
Section 346.14 requires that the operator of a motor vehicle shall not follow another vehicle more closely than is reasonable or prudent having due regard for the speed of such vehicle and traffic upon and the condition of the highway.
The Court is satisfied that the State has met its burden of proof as to a violation of 346.14 and will find Mr. Thao guilty of that particular Statute ....
However, our review of the record shows that there is not sufficient evidence to support the trial court's conclusion. The vehicle in front of Thao was a van. Thao testified that he "really made an effort to stay two thousands of a second away in the event that, if that car had to brake, we wouldn't run into it or somebody else." There is no evidence to contradict Thao's statement. Indeed, when Thao's car spun, he did not hit the van in front of him. There is simply no evidence that would establish that Thao was following the van too closely.
¶6 Thao did hit Gish's car. Thao testified he was in the center lane when he began to spin. There is no testimony that would refute Thao's statement. In fact, Gish testified that she did not see Thao coming before he hit her car. Gish also testified that she was in the right lane. Thao had the lawful right to be abreast of Gish in the next lane and therefore could not have been following her too closely.
¶7 The third car involved was the car that originally spun into Thao's lane. As with Gish's car, that car was in the right lane when it started to spin, and it was two cars ahead of Gish. Therefore, Thao could not have been following that car too closely. Because the record does not show Thao was following any vehicle too closely, we conclude the great weight and clear preponderance of the evidence supports reversal of Thao's conviction.
By the Court.  Judgment reversed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.